UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN DEAN HILL,<br><br>Plaintiff,<br><br>v.<br><br>EL DORADO COUNTY SHERIFF, et al.,<br><br>Defendants. | No. 2:24-cv-2752 DAD CKD P<br><br><br>ORDER, FINDINGS AND<br>RECOMMENDATIONS |

    Plaintiff is an El Dorado County Jail prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On March 27, 2025, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). Plaintiff's amended complaint was dismissed with leave to amend. Plaintiff has filed a second amended complaint which the court screens.

    As with plaintiff's first two pleadings, the second amended complaint violates joinder rules. Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different defendants. Simply put, plaintiff cannot join claims against defendant B that are not sufficiently connected to those brought against defendant A. Vague allegations concerning conspiracy do not satisfy court rules regarding joinder of claims.

/////

1        Unrelated claims against different defendants must be pursued in separate lawsuits. See
2   George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the
3   sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that
4   prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the
5   number of frivolous suits or appeals that any prisoner may file without prepayment of the
6   required fees. 28 U.S.C. § 1915(g)." Id.
7        Giving plaintiff leave to amend a third time to comply with joinder rules appears futile.
8   That being the case, the court will permit plaintiff to proceed on his claim arising under the First
9   Amendment based upon retaliation for protected conduct against defendant Estes in his individual
10  capacity which appears on pages 5 and 6 of the second amended complaint.  This is the first claim
11  appearing in the second amended complaint which states a claim upon which relief could be
12  granted.
13       Plaintiff's claim against defendant Cemo is properly joined.  But this claim concerns the
14  manner in which a grievance was processed.  Prisoners do not have "a separate constitutional
15  entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th
16  Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  The prison grievance
17  procedure does not confer any substantive constitutional rights upon inmates and actions in
18  reviewing and denying inmate appeals generally do not serve as a basis for liability under section
19  1983. Id.
20       None of plaintiff's other claims are properly joined.
21       In accordance with the above, IT IS HEREBY ORDERED that:
22       1. Service is appropriate for defendant **Deputy Derek Estes, El Dorado County**
23  **Sheriff's Department**.
24       2. The Clerk of the Court shall send plaintiff a USM-285 form, one summons, an
25  instruction sheet and a copy of the second amended complaint.
26  /////
27  /////
28  /////

2

       3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

       a. The completed Notice of Submission of Documents;

       b. One completed summons;

       c. One completed USM-285 form; and

       d. Two copies of the second amended complaint.

       4. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

       IT IS HERERBY RECOMMENDED that all claims and defendants other than a claim arising under the First Amendment based upon retaliation for protected conduct against defendant Estes in his individual capacity which appears on pages 5 and 6 of the second amended complaint be dismissed.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 8, 2025

                                        CAROLYN K. DELANEY
                                        UNITED STATES MAGISTRATE JUDGE

1
hill2752.1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN DEAN HILL,<br><br>       Plaintiff,<br><br>  v.<br><br>EL DORADO COUNTY SHERIFF, et al.,<br><br>       Defendants. | No.  2:24-cv-2752 DAD CKD P<br><br><br>NOTICE OF SUBMISSION<br>OF DOCUMENTS |

   Plaintiff submits the following documents in compliance with the court's order filed
_____:

   \_\_\_\_       completed summons form

   \_\_\_\_       completed USM-285 form

   \_\_\_\_       copies of the _____
                    Second Amended Complaint

DATED:

                       _____
                             Plaintiff

1