UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ALAN DEAN HILL,

Plaintiff,

v.

EL DORADO COUNTY SHERIFF, et al.,

Defendants.

No. 2:24-cv-02752 DAD CKD P

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS WITH PREJUDICE

(Doc. No. 29)

Plaintiff Michael Alan Dean Hill is a state prisoner and former county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 8, 2025, the assigned magistrate judge issued findings and recommendations stating that upon screening plaintiff's second amended complaint it was determined that plaintiff had stated a claim against named Deputy Estes for retaliation in violation of the First Amendment based upon plaintiff's engagement in protected conduct but that the remaining claims asserted in the second amended complaint should be dismissed without further leave to amend. (Doc. No. 29.) Specifically, the magistrate judge explained that for the most part the other claims asserted in plaintiff's second amended complaint, as was the case with his prior two complaints, violated Federal Rule of Civil Procedure 20 by bringing completely unrelated claims against different

defendants in a single complaint as opposed to in separate actions. (*Id*. at 2.) As to the possible claim brought against named defendant Sgt. Cemo (Doc. No. 28 at 5–6), the magistrate judge found that the claim merely amounted to a challenge to the manner in which one of plaintiff's inmate grievances was processed and was therefore not cognizable. (Doc. No. 29 at 2.) Finally, the magistrate judge concluded that because this was plaintiff's second amended complaint and he had been unable to cure the pleading deficiencies noted despite prior guidance from the court, the granting of further leave to amend would be futile. (*Id.* at 2.)

The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) On October 16, 2025, the court received plaintiff's objections to the pending findings and recommendations. (Doc. No. 30.) Therein, plaintiff objects solely as to the recommended dismissal of what he purports to be his claim against named defendant Officer Turner for retaliation against him in violation of his First Amendment right to file inmate grievances. (Doc. No. 30.) The undersigned has reviewed the allegations of the second amended complaint referred to by plaintiff in his objections. (*See* Doc. No. 28 at 9–12.) Although somewhat difficult to decipher, liberally construed in light of plaintiff's *pro se* status, these allegations appear to state a retaliation claim against defendant Officer Turner similar to the claim brought against defendant Deputy Estes which survived screening. Therefore the court will authorize plaintiff to proceed on that claim as well.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis in large part.

Accordingly:

1. The findings and recommendations issued on October 8, 2025 (Doc. No. 29) are adopted in part;
2. This action will proceed on plaintiff's retaliation claims brought against defendant Deputy Estes and defendant Officer Turner and service is found to be appropriate as to those two defendants;

3. All other claims asserted and defendants named in plaintiff's second amended complaint are dismissed without further leave to amend; and

4. This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **August 19, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE